# UNITED STATES NAVY–MARINE CORPS COURT OF CRIMINAL APPEALS

———————————————

### No. 201700348

———————————————

### UNITED STATES OF AMERICA
Appellee

v.

### TROY D. BIGGHAM
Hospital Corpsman First Class (E-6), U.S. Navy
Appellant

———————————————

Appeal from the United States Navy-Marine Corps Trial Judiciary

Military Judge: Commander William Weiland, JAGC, USN.
Convening Authority: Commandant, Naval District Washington,
Washington Navy Yard, Washington D.C.
Staff Judge Advocate's Recommendation: Commander James A. Link,
JAGC, USN.
For Appellant: Major Maryann N. McGuire, USMC.
For Appellee: Brian K. Keller, Esq.

———————————————

Decided 31 May 2018

———————————————

Before MARKS, JONES, and WOODARD, *Appellate Military Judges*

———————————————

**This opinion does not serve as binding precedent but may be cited as persuasive authority under NMCCA Rule of Practice and Procedure 18.2.**

———————————————

PER CURIAM:

A military judge sitting as a general court-martial convicted the appellant, pursuant to his pleas, of one specification of violating a lawful general regulation and seven specifications of assault consummated by battery, in violation of Articles 92 and 128, Uniform Code of Military Justice (UCMJ), 10 U.S.C. §§ 892 and 928. The military judge sentenced the appellant to 18 months' confinement, reduction to pay grade E-1, total forfeitures, and a bad-conduct discharge. The convening authority (CA) approved the adjudged sentence.

After careful consideration of the record, submitted without assignment of error, we note three errors in the convening authority's (CA) action. The first two the errors are ministerial in nature and can be corrected in the supplemental court-martial order. The final error materially prejudices a substantial right of the appellant; we take corrective action in our decretal paragraph. Following our corrective action, no error materially prejudicial to the substantial rights of the appellant remains. Arts. 59(a) and 66(c), UCMJ.

First, the CA's action incorrectly states that the finding for Charge I, Specification 1 is "guilty." As all of the victims from Charge I, Specifications 2 through 9 were added to Specification 1, the finding for Specification 1 under Charge I should read "guilty of the specification as amended."

Second, with respect to Charge II and each of its seven specifications, although the CA's action correctly reflects that the appellant pled guilty to the lesser included offense of assault consummated by a battery under Article 128, UCMJ, 10 U.S.C. § 928, by exceptions and substitutions, it fails to reflect that the findings were in accordance with those pleas.

Third, the CA's action incorrectly approved the sentence as adjudged, despite the pretrial agreement requiring the CA to disapprove all confinement over six months. As the appellant was awarded 18 months' confinement and there is no evidence in the record to reflect that the CA withdrew from the pretrial agreement in accordance with RULE FOR COURTS-MARTIAL 1109, MANUAL FOR COURTS-MARTIAL, UNITED STATES (2016 ed.), only six of those months should have been approved. We will take corrective action in our decretal paragraph. *See United States v. Cox*, 46 C.M.R. 69 (C.M.A. 1972).

The findings are affirmed. Only so much of the sentence as provides for a bad-conduct discharge, reduction to pay grade E-1, total forfeitures, and six months' confinement is affirmed. The supplemental court-martial order shall: (1) reflect that the finding for Charge I, Specification 1 is "guilty of the specification as amended"; and (2) reflect that, as to Charge II and its seven specifications, the appellant was found "not guilty" of abusive sexual contact, but guilty of the lesser included offense of assault consummated by a battery as excepted and substituted.

For the Court

R.H. TROIDL
Clerk of Court

